Hurlbut, J.,
dissenting.
In interpreting the law concerning the power of this court to order a cause, pending on appeal, to be entered as pending on error following dismissal of the appeal, I have reached an opposite conclusion to that expressed in the court’s opinion.
*220 It is not my purpose to do more than, give my reasons, as briefly as possible, for holding contrary views to those entertained by my brother associates.
The question mooted is one of jurisdiction, and inasmuch as this tribunal is one of legislative creation, its jurisdiction, powers and duties, must be ascertained from the act that gave it existence, and such other legislative enactments as may be deemed clearly applicable thereto.
A portion of section one of the act creating this court reads as follows:
“That there be and is hereby established a court to be known as the 'court of appeals,’ which shall exist for a period of four years from the date upon which this act shall take effect and shall exercise only such jurisdiction as is hereinafter conferred upon it,” etc.
The phrase here found, ‘' and shall exercise only such jurisdiction as is hereinafter conferred upon it,” is plain and free from ambiguity, and is indicative of a legislative intent that the court shall have no implied powers and possess no jurisdiction other than that conferred by the act itself. Its every judicial act when challenged must find justification within the letter and ispirit of the act.
Section two contains no matter pertinent to the question before us. Section three reads:
“Said court of appeals shall have jurisdiction to review and determine all judgments in civil causes now pending upon the docket of the supreme court or wherein appeals were perfected prior to the taking effect of this act or that may hereafter and during the life of the court of appeals be taken to *221 the supreme court for review, save and except writs of error to county courts.”
This section is sweeping in its scope in that it confers jurisdiction on this court to review and determine all judgments-in civil causes pending upon the docket of the supreme court when the act took effect as well as those from which appeals were perfected at that time but not docketed, also all judgments thereafter taken to the supreme court for review during the life of this court, excluding writs of error to the county courts. I think it clear that the jurisdiction conferred applies to all judgments whether then pending on appeal or error or thereafter taken to the supreme court for review. The section eliminates all doubt as to this court having jurisdiction to review and determine such judgments. It must not be forgotten, however, that jurisdiction in a court to review and determine certain judgments if properly before it is one thing. The existence of a condition which enables such court to exercise that jurisdiction is another. The juris: diction here conferred is entirely derivative. Before the jurisdictional powers conferred can be exercised the record of the judgments mentioned must be rightfully on the court’s docket or within its possession and control. It therefore follows that we must scan the act to ascertain what method if any has been therein prescribed for transferring from the supreme court to this tribunal the records of such judgments. We find, as will be seen later, that the legislature has prescribed onlyx two ways by which such judgments can reach the docket of this court: One by mandatory order of transfer; the *222 other entirely dependent upon the will or. discretion of the supreme court.
Section four repeals existing statutes regulating appeals from district and county courts to the supreme court, and, with the exception contained in section six, strips the supreme court of every vestige of jurisdiction over causes therein pending on appeal, as well as causes that may be thereafter docketed on appeal. It also contains a mandatory order to that tribunal to immediately upon organization of this court, or thereafter, transfer all such causes to the docket of this court for hearing and determination. Not a word can be found therein providing for transfer to this court of causes therein pending on error. As I interpret this section, it also manifests a clear intent on the part of the legislature to only deprive the supreme court of jurisdiction over all docketed appealed causes, as well as perfected appeals not docketed.
Section five provides that:
“The supreme court is also hereby authorized to transfer to said court of appeals for hearing and determination such other civil causes now or hereafter and during the life of said last mentioned court pending before the Supreme court on error as it may deem advisable, omitting however writs of error to county courts,” etc.
To my mind this section shows that the legislature intended that all cases pending on error in the supreme court should remain there and by it be determined, unless that tribunal deemed it advisable to transfer such cases to this court for final hearing and determination, and it would seem that such intent is made more apparent by the fact that *223 the section further provides that even when the supreme court has exercised such discretion by transferring such causes to this court for determination, an unconditional right is reserved to either party litigant or his attorney to have the same returned at once to the supreme court for final determination. All that is required is a mere request, embodied in a written petition by one of the parties, to be filed within a specified time. This section not only emphasizes the intent of the legislature to which I have last referred, but goes further, as I construe it, and evinces a marked solicitation for litigants in that it reserves to them the unqualified right to have every judgment in a civil cause which has been removed by writ of error- to the supreme court heard and finally determined by that supreme tribunal. It is true the section provides that this court may hear and determine any such cause when transferred to it as aforesaid, but either party may, as above shown, deprive this tribunal of any right whatever to consider or determine the same. If litigants neglect to avail themselves of this right they cannot complain.
Section six relates to remanding all causes of a specified class from this court to the supreme court, and authorizes writs of error from the latter to the former court to review decisions of this court which involve certain specified subjects and amounts.
Section seven provides that the court of appeals shall have the power to adopt rules concerning its procedure; that it shall be a court of record; have a seal; and have power to issue all necessary and proper writs and process in aid of its jurisdiction, etc., and contains other provisions conéern *224 ing practice and procedure. Section eight refers only to matters concerning removal of causes by writ of error to the supreme court from the lower courts. Section nine provides the time this court shall cease to exist. Section ten the repeal of all acts in conflict with this act, and section eleven declares an emergency exists.
In the foregoing cursory analysis of the act I fail to discover any language which in terms or by fair implication empowers this court to re-enter on error. Can such power be found to exist in other legislative enactments or in the decisions of our supreme court? In endeavoring to solve this question, the distinction between a cause removed to the supreme court by appeal and one removed there by writ of error should be kept in mind. The former proceeding is the continuation of an existing action, the latter a new proceeding in the nature of an original action. A right of appeal may be granted or abolished at any time by the legislature. At common law a writ of error was a matter of right. It is not so in this state. San Miguel Con. Gold M. Co. v. Suffolk Gold M. & M. Co., 24 Colo., 468.
“Jurisdiction, when applied to the courts, is the power to hear and determine a cause.” Whipple v. Stevenson, 25 Colo., 447.
It would seem that prior to the passage of code section 423 (revision 1908) the practice of re-entering a cause on error following its dismissal on appeal was not known. At the time the act was passed the former court of appeals was in existence. Prior to that time there must necessarily have been many cases of hardship resulting from dismissal of appeals after the three-year limitation on writs of *225 error liad expired, and it is a plausible presumption that some industrious litigant, who had suffered from the necessary consequence of a dismissed appeal after three years, applied to the legislature for a remedy, which resulted in the passage of said act. The act was in direct terms made applicable only to the supreme court and the then existing court of appeals. That court of appeals had powei to issue writs of error to, and determine causes directly appealed from, the subordinate courts of record. No such power exists in this court. If, under the provisions of that act, .a cause pending therein on appeal was shifted to one pending on error no question could arise as to the court’s authority to redocket the case on error following dismissal of the appeal. The legislature gave that court full power, irrespective of the supreme court, to .bring the record from below directly to its docket by force of its writ of error. By the terms of the act creating this court it was entirely problematical whether or not this court would ever have an opportunity to hear and determine a cause removed from a trial court by writ of error. Such right is entirely conditional upon the will of 'the supreme court. I attach more importance to this situation than, seemingly does the majority opinion.
The case at bar reached the docket of this court because it was a cause pending on appeal in the supreme court, and that court was enjoined by legislative mandate to transfer it here. If the cause had been there pending on error instead of on appeal, it would have remained in that court for determination, and this court would have possessed no' power to consider it in any manner, unless properly trans *226 ferred here as a cause pending on error. It must he conceded that if this cause is entered on the docket of this court as one pending on error it is not different from any other cause of like nature. No astute reasoning can assign to it any other standing. It must be considered, treated and disposed of, by the same rules of practice, procedure and consideration, as any other cause of the same class. It is not pending on appeal, because as such it has been stricken from the docket. When such order was made it was out of this court for any and all purposes. Notwithstanding this fact it reappears and we find it on the docket side by side with other causes pending- on error which have been lawfully transferred thereto by solemn act of the supreme court. It appears to me that by a mere stroke of the pen this court has legislated it onto its docket as pending on error after all its jurisdiction had been exhausted in striking it from its appeal docket.
I am at a loss to understand how this court may lawfully assume to hear and determine a cause pending on error unless it can say such case is one which the supreme court in the exercise of its discretion transferred to this docket, as a cause which had. been therein pending on error. As I believe the law to be, no other answer can receive legal sanction. By re-entering the case as pending on error, and then proceeding to hear and determine the same, the court appears to me to be doing indirectly that which it cannot do directly, and to be exercising unauthorized jurisdictional powers.
As I read the opinion of the court it finds ample authority to sustain its conclusions in the code section heretofore mentioned and decisions of our ap *227 pellate courts therein cited. I cannot agree that the code section is applicable to the jurisdictional powers of this court. Neither can I agree that the decisions cited are authority to sustain the opinion under the situation existing here. ' If, at the time the code section was enacted, an act of the legislature was deemed necessary to confer authority to enter a cause on error, following its dismissal on appeal, on the supreme tribunal of the state, possessing as it did transcendent judicial powers, surely this court, limited both as to jurisdiction and judicial existence, must be able to point to some legislative enactment which clearly clothes it with equal authority. I feel that the framers of the bill creating this court either by intention or oversight omitted to directly confer on this court the power to re-enter a cause on error following its dismissal on appeal, and that such omission was fatal to the exercise of the right claimed for it in the opinion.
I am somewhat tempted to debate some of the matters stated in the opinion, but to do so would inexcusably prolong this already lengthly dissent. I have carefully read and considered the opinion of the court and all authorities therein cited, but find nothing therein to disturb the conviction I entertain. I do not think the cited case, of Bowling v. Chambers, 20 Colo. C. A., 117, is very helpful in this discussion. Subsequent decisions of the supreme court germinate a doubt in my mind as to just what extent that decision can be considered authority on the question here raised.
I might further say that I find language in the court’s opinion adverting to the hardships that would be entailed on litigants if a rule opposite to *228 that, announced should obtain. I can readily concede this to be probable and would prefer to be influenced by the suggestions if I could feel warranted in so doing. It might be said, however, that such suggestions partake somewhat of the qualities of a two-edged sword. On the one hand the appellant secures an appeal to the supreme court, which, when challenged, proves to be defective or unauthorized and must necessarily be dismissed upon proper proceedings being taken for that purpose by his adversary. In such a case certainly the appellate court cannot be censured. The blame, if any, must be attributed to the appellant himself. An appeal being entirely a statutory right, it becomes incumbent upon one desiring to resort to that remedy to carefully search the statutes and 'therefrom ascertain whether or not he is entitled to an appeal. The law permitting appeals as well as the rules of courts applicable thereto are always accessible to a diligent party. If, by the exercise of reasonable diligence, the appellant discovers his cause is not appealable, he can at once resort to a writ of error, and thus protect himself from any error or injustice imposed upon him by the rulings and proceedings in the lower court. On the other hand has not the appellee a right to complain of the long delay he has been compelled to suffer? The matters of contention between himself and appellant having been decided in his favor in the lower court, may he not fairly insist that the appellant court should not turn a too willing ear to pleadings of his opponent for relief from a situation for which he is alone responsible, and in the creation of which appellee took no part?
*229 Decided May 13, A. D. 1912.
Rehearing denied June 10, A. D. 1912.
The question before the court impresses me as one for serious consideration, and its solution involves the very right of the court to act in the premises. My convictions are based on the following propositions:
1st. The power of the supreme court and then existing court of appeals to re-enter a cause on error following its dismissal on appeal was conferred on those courts by a special act of the legislature, without which they possessed no such power, and cannot be extended to include the present court .of appeals.
2nd. The authority and duty of this court, as well as the supreme court, to dismiss an appeal not authorized or properly taken, is not conferred by any code provision. The court is compelled to dismiss it for lack of jurisdiction when it is made to appear that the statute concerning appeals has not been complied with or the cause is one which is not appealable under the law.
I have a conviction that all this court can do in the premises is to dismiss the appeal without prejudice to a writ of error.
I have written the foregoing under considerable embarrassment, owing to the fact that I stand alone in the views expressed. The well known integrity and legal ability of my associates impels me to a sensitive appreciation of the unsought position in which my convictions have placed me.